UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE MATHEWS,

            Plaintiff,            Civil Action No. 14-14847
                                      Honorable Robert H. Cleland
                                      Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

           Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISMISS
## PLAINTIFF'S COMPLAINT FOR FAILURE TO SERVE

Plaintiff Denise Mathews brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for benefits. Summonses were issued originally on January 13, 2015. (Doc. #6). No proof of service was filed on the docket within the 120 days allowed for service of the summons and complaint pursuant to Fed. R. Civ. P. 4.[1]

On May 19, 2015, this Court issued an Order requiring Mathews to show cause why this action should not be dismissed for failure to serve. (Doc. #7). A response was due on May 29, 2015. (*Id.*). To date, no response to that order has been filed.

A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. In deciding whether to

---

[1] Under Fed. R. Civ. P. 4(i), service on an agency or employee of an agency, such as the Commissioner of Social Security, sued in his or her official capacity, is effected by sending copies of the summonses and complaints by certified or registered mail to the agency or employee, to the United States Attorney for the district where the action is brought, and to the Attorney General of the United States in Washington, D.C. Under Fed. R. Civ. P. 4(m), service of a summons and complaint must be made upon a defendant within 120 days after filing the complaint.

dismiss an action for these reasons, a court should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the delinquent party's conduct; (3) whether the delinquent party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Applying these principles to the instant case, the Court finds that three of the four factors weigh in favor of dismissal.[2] First, despite the Court's putting Mathews on notice of her failure to serve, she has failed to respond to the Court's order to show cause, or to otherwise take steps to accomplish service. While the Court does not presume this is the result of bad faith or willfulness, Mathews, who is represented by counsel in this action, is clearly at fault for failing to serve or comply with the Court's order.

The third and fourth factors weigh in favor of dismissal in light of the Court's Order to Show Cause; Mathews simply failed to respond to that Order, which was issued weeks ago, and which specifically warned her that failure to comply with its terms could lead to dismissal of this action without prejudice under Rule 41(b). (Doc. #7). Thus, Mathews has been on notice of her failure to timely serve the Commissioner for weeks, and has taken no steps to remedy this deficiency.

Having considered the relevant factors, the Court finds it appropriate to dismiss this action pursuant to Rules 4(m) and 41(b) due to Mathews' failure to serve the Commissioner

---

[2] The Court can find no prejudice to the Commissioner by virtue of Mathews' failure to serve, and, thus, the second factor is not satisfied here.

within 120 days of filing her complaint, as well as her failure to comply with the Court's Order to Show Cause.  Under Rule 4(m), such a dismissal should be without prejudice.  Accordingly, the Court **RECOMMENDS** dismissing Mathews' complaint **WITHOUT PREJUDICE**.

| | |
|---|---|
| Dated: June 3, 2015 | s/David R. Grand |
| Ann Arbor, Michigan | DAVID R. GRAND |
| | United States Magistrate Judge |

### REVIEW

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  *See* E.D. Mich. L.R. 72.1(d)(2).

*Note these additional requirements at the direction of Judge Cleland:*

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response

3

must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 3, 2015.

                                                    s/Eddrey O. Butts
                                                  EDDREY O. BUTTS
                                                  Case Manager