UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE MATHEWS,

    Plaintiff,

v.                                              Case No. 14-14847

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                  /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTION;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
AND (3) DISMISSING WITHOUT PREJUDICE**

Plaintiff Denise Mathews appeals from Defendant Commissioner of Social Security's final decision denying her benefits under 42 U.S.C. § 405(g). Magistrate Judge David R. Grand issued a Report and Recommendation ("R&R") advising the court to dismiss Plaintiff's complaint *sua sponte* for failure to serve the Commissioner within 120 days of filing her complaint and her failure to comply with the court's Order to Show Cause. (Dkt. # 8.) Plaintiff timely filed an objection to the R&R ("Objection"). (Dkt. # 9.) After reviewing the R&R and the Plaintiff's brief, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's Objection and adopt the R&R.

**I. STANDARD**

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*,

447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

Magistrate Judge Grand outlined two bases upon which to dismiss Plaintiff's complaint, which was filed on December 22, 2014. (Dkt. # 1.) First, the R&R rightly notes that summonses were issued on January 13, 2015, but to date Plaintiff has not served Defendant despite the requirement under Federal Rule of Civil Procedure 4(m) that service be "made upon a defendant within 120 days after the filing of the complaint . . ."[1] Fed. R. Civ. P. 4(m). Where a Plaintiff fails to meet this requirement, after

---

[1]This period was shortened to 90 days when the Rule was amended in December, 2015. In the interests of consistency, the court will use the longer, older version of this Rule in analyzing the issues here.

2

providing notice the court "shall dismiss the action without prejudice as to that defendant or direct that service be effectuated within a specified time" unless the plaintiff is able to show good cause for the failure. *Id.* If the plaintiff does show good cause, then the court must grant an extended time for service of process. *Id.*

Here Magistrate Judge Grand provided ample notice in the form of his Order to Show Cause issued on May 19, 2015 in which he gave Plaintiff ten days to explain her failure. (Dkt. # 7.) Plaintiff might have avoided her instant predicament had she provided an explanation at that time, but none was forthcoming. *See United States v. Ninety Three Firearms*, 330 F.3d 414, 426 (6th Cir. 2003) (upholding denial of dismissal under Rule 4(m) where party responded meaningfully to a request to show cause). Having dispensed with the notice requirement, the only issue remaining is whether Plaintiff has shown good cause for the failure. It is clear from the record that Plaintiff has not.

Plaintiff does not object to any specific findings made in the R&R but contends that the failure to serve was due to attorney oversight. However, the Sixth Circuit has found that "just as a lawyer's inadvertence cannot constitute good cause, neither can inadvertence on the part of the lawyer's clerical staff; the omissions of the agent are chargeable to the principle." *Davis v. Brady*, No. 92-6300, 1993 WL 430137 at *3 (6th Cir. 1993) (citation omitted); *see also Counter Terrorist Group U.S. v. New York Magazine*, 374 F.App'x 233, 235 (2nd Cir. 2010) ("Attorney error does not constitute good cause under Rule 4(m)."); *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) ("an attorney's inadvertence does not qualify as good cause"). Thus, Plaintiff's Objection is unavailing and it is overruled.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's Objection (Dkt. # 9) is OVERRULED and the Magistrate Judge's Report and Recommendation (Dkt. # 8) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED Plaintiff's complaint (Dkt. # 1) is DISMISSED WITHOUT PREJUDICE.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: August 30, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 30, 2016, by electronic and/or ordinary mail.

    s/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522